IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DEON EUGENE BROWN, SR.,

    Petitioner,

v.                                                                                                                                              No. 1:19-cv-01147-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING § 2255 AMENDED PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

    Petitioner, Deon Eugene Brown, Sr.,[1] has filed an amended pro se motion to vacate, set aside, or correct his sentence (the "Amended Petition") pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 8.) For the following reasons, the Amended Petition is DENIED.

BACKGROUND

    In May 2016, the grand jury for the Western District of Tennessee returned a multi-count indictment against Brown and others charging various offenses relating to drug trafficking. (*United States v. Brown*, No. 1:16-cr-10060-JDB-6 (W.D. Tenn.), D.E. 1 ("No. 1:16-cr-10060-JDB-6").) In accordance with an agreement with the Government, the Defendant pleaded guilty in October 2016 to a single count of conspiracy to distribute and possess with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 846. (*Id.*, D.E. 226-28, 450.)

---

[1] The Court will refer to Brown as "the Defendant" is its discussion of the underlying criminal case.

During the plea hearing, the undersigned conducted the Rule 11 colloquy, *see* Fed. R. Crim. P. 11, making certain that the Defendant understood the charge to which he was pleading guilty, the minimum and maximum penalties, the rights he was giving up by pleading guilty, and the basics of sentencing. Brown confirmed that he entered into the plea agreement freely and voluntarily following review of the document with his attorney and that he was in fact guilty of the crime to which he was pleading guilty. Brown's attorney informed the Court that he intended to litigate the total relevant drug amount.

In anticipation of sentencing, the United States Probation Office prepared the presentence report (the "PSR"). (No. 1:16-cr-10060-JDB-6, D.E. 345.) Advising that 10.89 kilograms of actual methamphetamine were attributable to the Defendant, the PSR recommended a base offense level of 38 in accordance with § 2D1.1(c)(1) of the United States Sentencing Commission *Guidelines Manual* (the "Guidelines" or "U.S.S.G."). (*Id.*, D.E. 345 at PageID 1018.) *See* § 2D1.1(c)(1) (assigning a base offense level of 38 for an offense involving 4.5 kilograms or more of actual methamphetamine). No reductions were advised for acceptance of responsibility. Based on a total offense level of 38 and a criminal history category of VI, the Guidelines imprisonment range was determined to be 360 months to life. (*Id.*, D.E. 345 at PageID 1038.)

Defense counsel filed a position paper objecting to, among other things, the drug quantity recommended in the PSR. (*Id.*, D.E. 432 at PageID 1477.) The probation officer submitted a supplement to the PSR, "respectfully maintain[ing] that the drug quantity [had] been appropriately calculated." (*Id.*, D.E. 434 at PageID 1487.)

An evidentiary hearing on the drug quantity was held on March 15, 2018. (*Id.*, D.E. 441 & 455.) On March 29, 2018, the undersigned found that "Mr. Brown [was] involved in at least 4.5 kilograms or more of actual methamphetamine in this case, which . . . place[d] him in an offense level of 38." (*Id.*, D.E. 456 at PageID 1774.) A 2-level reduction for acceptance of responsibility was granted, resulting in a Guidelines imprisonment range of 324 to 405 months. Upon consideration of the parties' arguments, the advisory range, and the sentencing factors set forth in 18 U.S.C. § 3553(a),[2] the undersigned imposed a below-Guidelines sentence of 275 months in prison, to be followed by five years of supervised release. The sentence represented a downward departure of over four years.[3] The Defendant took an unsuccessful direct appeal. (*Id.*, D.E. 464.)

DISCUSSION

Brown filed a pro se § 2255 petition on July 19, 2019. (D.E. 1.) On September 24, 2019, he submitted the Amended Petition in compliance with the Court's order to refile his claims on this district's official § 2255 form. He asserts two related claims. In Claim 1 he insists that his

---

[2] Pursuant to 18 U.S.C. § 3553(a), a court must reach an appropriate sentence by considering "the kinds of sentence and the sentencing range" under the advisory Guidelines and "policy statements," as well as the following additional factors: "the nature and circumstances of the offense and the history and characteristics of the defendant; . . . the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[,] . . . to afford adequate deterrence to criminal conduct[,] . . . to protect the public from further crimes of the defendant[,] and . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

[3] The sentence imposed was more than seven years below the bottom of the Guidelines range recommended in the PSR.

3

Guidelines imprisonment range was incorrectly calculated. He maintains in Claim 2 that counsel provided ineffective assistance by failing to advise him during the plea stage that he was, allegedly, subject to a lower Guidelines range and by failing to raise the issue at sentencing.

The Respondent, United States of America, filed a response to the Amended Petition on January 2, 2020. (D.E. 14.) The Government posits that Petitioner's claims should be denied because they are, variously, procedurally defaulted, non-cognizable, and without merit. Petitioner did not file a reply, although allowed to do so. (*See* D.E. 12.)

I. Legal Standards

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). "In reviewing a § 2255 motion in which a factual dispute arises, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (internal quotation marks omitted). "[N]o hearing is required," however, "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* A petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

A claim that an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel alleges an error of constitutional magnitude cognizable in a § 2255 proceeding. *See id.* Such a claim is controlled by the standards stated in *Strickland v.*

4

*Washington*, 466 U.S. 668 (1984). *Id.* at 966. To succeed on an ineffective-assistance claim, a petitioner must demonstrate two elements: (1) "that counsel's performance was deficient"; and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. *Strickland*'s two-part standard is not confined to claims of trial counsel ineffective assistance, but also applies to claims of attorney error on appeal. *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

To establish deficient performance, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. A court considering a claim of ineffective assistance must apply "a strong presumption" that the attorney's representation was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted).

To demonstrate prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693) (citations omitted). Instead, "[c]ounsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id.* (quoting *Strickland*, 466 U.S. at 687).

*Strickland*'s two-part test applies to a claim that counsel was ineffective at the plea stage of the criminal proceedings. *Rodriguez-Penton v. United States*, 905 F.3d 481, 486 (6th Cir. 2018). "Where . . . a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). A petitioner demonstrates prejudice in the plea context by establishing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," *id.* at 59, or that, had he been properly advised by counsel during the plea negotiations, he "would have bargained for a more favorable plea." *Rodriguez-Penton*, 905 F.3d at 488.

II. Claim 1

Petitioner challenges the Court's determination that his advisory Guidelines imprisonment range was 324 to 405 months. He insists that his base offense level was actually lower by virtue of the changes effectuated by the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, and Amendment 782 to the Guidelines, U.S.S.G. App. C Supp., amend. 782 (2013).[4] The FSA "reduced the sentencing disparity between crack cocaine and powder cocaine offenses, thereby lowering the Guidelines ranges for many defendants." *United States v. Domenech*, 819 F. App'x 341, 342 (6th Cir. 2020) (citing *United States v. Beamus*, 943 F.3d 789, 791 (6th Cir. 2019)). Amendment 782, "reduced by two the offense levels assigned in Guidelines § 2D1.1 (the Drug

---

[4] By order dated August 2, 2019, the Court denied without prejudice Petitioner's request for a sentence reduction under 18 U.S.C. § 3582(c). (D.E. 5.) The Court advised Brown that such a motion should be filed in his criminal case. Petitioner thereafter filed a §3582(c) motion in his criminal matter, which the Court denied. (*See* No. 1:16-cr-10060-JDB-6, D.E. 486.)

Quantity Table), resulting in lower guideline ranges for most drug trafficking offenses." *United States v. Jackson*, No. 2:15-CR-20150-001, 2019 WL 4228896, at *1 (W.D. Tenn. Sept. 5, 2019). Amendment 782's changes were first incorporated into the Guidelines that took effect November 1, 2014. *See* U.S.S.G. § 2D1.1(c) (2014).

Respondent argues that Claim 1 is non-cognizable and procedurally defaulted. The Government also maintains that the claim is without merit because changes to the Guidelines as a result of the FSA did not apply in Brown's case and the revisions to the Guidelines' drug-quantity table pursuant to Amendment 782 were included in the Guidelines that were applied at the time of his sentencing. The Government's positions are well-taken.

A. Procedural Default

"When a defendant fails to raise an issue at trial or on direct appeal, that issue is generally waived." *Poulsen v. United States*, 717 F. App'x 509, 513 (6th Cir. 2017) (citing *Huff v. United States*, 734 F.3d 600, 605–06 (6th Cir. 2013)). "A claim that would otherwise be waived may be raised through a collateral attack under § 2255 if a defendant 'can demonstrate cause and prejudice to excuse his default.'" *Id.* (quoting *Huff*, 734 F.3d at 606).

Brown does not dispute that he defaulted Claim 1. He contends, however, that he did not raise the issue on appeal "because at the time [he] did not fully understand" that he was entitled to "relief." (D.E. 1 at PageID 16.) That circumstance does not excuse the default. As the Sixth Circuit has held, a § 2255 petitioner's "ignorance of the law is not sufficient to establish cause, and the failure to [establish cause] independently defeats his claim." *Hall v. United States*, 41 F. App'x 743, 744 (6th Cir. 2002) (citing *McCleskey v. Zant,* 499 U.S. 467, 502 (1991) and *Rodriguez*

7

*v. Maynard,* 948 F.2d 684, 688 (10th Cir. 1991)).  Claim 1 is therefore not properly before the Court because it was procedurally defaulted and the default is unexcused.

    B.  <u>Cognizability</u>

A "misapplication-of-an-advisory-guidelines-range claim is . . .not cognizable under § 2255." *Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018).  "Indeed, every circuit to 'look at the issue has agreed that a defendant cannot use a § 2255 motion to vindicate non-constitutional challenges to advisory guideline calculations.'" *Bullard v. United States*, 937 F.3d 654, 660–61 (6th Cir. 2019) (brackets omitted) (quoting *Snider*, 908 F.3d at 191), *cert. denied*, 140 S. Ct. 2786 (2020).

Claim 1 is a challenge to the Court's calculation of the advisory imprisonment range under the Guidelines.  The claim is therefore non-cognizable in this § 2255 proceeding and is subject to dismissal on this alternative ground.

    C.  <u>Merits</u>

As discussed above, the FSA applies only to sentences for cocaine-related crimes.  The controlled substance offense to which Petitioner pleaded guilty involved methamphetamine, not cocaine.  His argument that his Guidelines calculation was faulty for failing to reflect the changes made by the FSA is therefore without foundation.

Also without merit is his position regarding Amendment 782.  The Guidelines applicable at the time of his sentencing hearing were found in the 2016 Guidelines Manual, which reflected the changes to the offense levels brought about by Amendment 782.  *Compare* U.S.S.G. § 2D1.1(c) (2013) (pre-amendment) (assigning base offense level of 38 for 1.5 kg. or more of actual methamphetamine) *with* U.S.S.G. § 2D1.1(c) (2016) (reflecting a base offense level of 36 for at

least 1.5 kg. but less than 4.5 kg. of actual methamphetamine and assigning a base offense level of 38 for 4.5 kg. or more of actual methamphetamine). At sentencing, the undersigned found Petitioner to be responsible for no less than 4.5 kilograms of actual methamphetamine and properly assigned a base offense level of 38.

Claim 1 is therefore without foundation. Accordingly, even if the claim were not subject to dismissal on the grounds that it is non-cognizable and procedurally defaulted, it would be denied as meritless.

III.   Claim 2

As indicated above, Petitioner asserts that counsel rendered ineffective assistance by failing to raise at sentencing the arguments Brown presents in Claim 1 and by neglecting to advise him about the FSA and Amendment 782 during the plea stage. Respondent maintains that the claim is without merit. The Government's position is well taken for several reasons.

First, counsel cannot be regarded as having performed deficiently by failing to press futile arguments and his failure cannot have prejudiced Petitioner. *See Altman v. Winn*, 644 F. App'x 637, 644 (6th Cir. 2016), ("[T]he failure to make futile objections does not constitute ineffective assistance[.]").

Second, with regard to his assertion that counsel performed deficiently by failing to advise him at the plea stage about the FSA and Amendment 872, Brown has not explained how that omission constituted deficient performance. He also has not alleged how he was prejudiced by counsel's conduct. He does not aver, for instance, that but for counsel's failure to advise him about the FSA and Amendment 782, he would not have pleaded guilty and would have insisted on going to trial. He also does not maintain that he would have bargained for a more favorable plea if

9

counsel had so advised him. Because Petitioner has not established that he received the ineffective assistance of counsel, Claim 2 is DENIED.

For all of these reasons, the Amended Petition is DENIED. Judgment shall be entered for Respondent.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Amended Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App.

10

P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is therefore DENIED.[5]

IT IS SO ORDERED this 14th day of July 2022.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE

---

[5] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.